UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA DREW,

       Plaintiff,

v.                                          Case No.  1:13-cv-1135
                                          Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (docket no. 29).  The motion is unopposed.

### I.     Background

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits.  The Court reversed and remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  *See* Stipulation to remand (docket no. 25); Order (docket no. 27); Judgment (docket no. 28).

### II.    EAJA fees

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).  "Eligibility for a fee award in a civil action therefore

requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).

Finally, under the EAJA, the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

### III.  Discussion

Here, plaintiff filed an uncontested application for EAJA fees. Plaintiff has met the three criteria to be eligible for an EAJA award. First, plaintiff is the prevailing party. *Marshall*, 444 F.3d at 840. Second, by not opposing the application, the government has failed to demonstrate that its action was substantially justified. *Id.* Third, no special circumstances exist in this case to make an award unjust. *Id.*

The next step is to determine the amount of attorney fees to be awarded under the EAJA. Plaintiff's counsel seeks an award of $1,950.00 in attorney fees, based upon 15.6 hours of time at the statutory hourly rate of $125.00. The Court finds this fee reasonable. Accordingly, plaintiff should be awarded attorney fees in the amount of **$1,950.00**.

Finally, plaintiff asks that the EAJA award be made payable to her attorneys. *See* Motion (docket no. 29) and Assignment (docket no. 30-3). The EAJA provides that the court shall award fees "to a prevailing party," meaning that the fee is payable to the plaintiff as the prevailing litigant. *See* 28 U.S.C. § 2412(d)(1)(A); *Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). "The EAJA

does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay h[is] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue*, 560 U.S. at 599 (Sotomayor, J. concurring). "Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, his creditors, and his attorney with regard to the EAJA fees." *Fredericks v. Commissioner of Social Security*, No. 1:12-cv-1234, 2014 WL 4057794 at *3 (W.D. Mich. Aug. 14, 2014). In short, plaintiff's contractual obligations to her attorney are not part of this case.

## IV. RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's motion for attorney fees pursuant to the EAJA (docket no. 29) be **GRANTED** and that defendant pay plaintiff attorney fees in the amount of **$1,950.00**.

Dated:  November 3, 2014                 /s/ Hugh W. Brenneman, Jr.
                                         HUGH W. BRENNEMAN, JR.
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).